RIGGIN & CO. *v.* UNION BANK OF LOUISIANA.

Under the Act of March 18th, 1858, no one but the Attorney General can urge the forfeiture of a bank's charter, and a judgment of forfeiture obtained without his consent and concurrence, will be reversed.

APPEAL from the Third District Court of New Orleans, *Fellowes*, J. *E. W. Huntington*, for plaintiffs, appellees. *G. L. Bright*, for defendant, appellant. *B. L. Lynch*, for State of Louisiana.

HYMAN, C. J.    Riggin & Co. filed in the Third District Court of New Orleans, a notice of protest of one of the notes of the Union Bank of Louisiana, in conformity to an Act of the General Assembly of the State of Louisiana, passed on the 18th of March, 1858, entitled "An Act to amend the 20th section of the Act entitled an Act to establish a general system of free banking in the State of Louisiana," and the Judge of said Court ordered notice of the filing of the notice of protest of the note to be served on the Attorney General of the State.   The Attorney General, by petition, applied to the Court for a writ of sequestration of the property and assets of the bank, a judgment forfeiting its charter, and the appointment of liquidators.

The bank failed to answer within three days after citation was made on it, and the Judge rendered judgment forfeiting its charter, ordering its assets to be sequestered, and appointing liquidators.

The bank made motion to have the judgment cancelled and annulled, which motion the Judge overruled, and signed the judgment.

The bank appealed.

This judgment was rendered without the knowledge or consent of the Attorney General, who had agreed (on the representation of the bank, that, within a few days, it would receive means to pay its debts) not to urge the forfeiture of its charter until he gave notice of his intention of so doing to the attorney of the bank.

At whose instance this judgment was obtained, the transcript does not inform us.

No one but the Attorney General, under the act referred to, was authorized to urge the forfeiture of the bank's charter, and the judgment of forfeiture was urged and obtained, not only without his consent, but contrary to his express agreement.

One of the reasons given by the Judge for refusing to set aside the judgment, was a non-compliance with a rule of his Court.

This rule is not to be found in the transcript of appeal, and we have nothing before us that enables us to say that his judgment was correct in that respect.

From the evidence before us, we conclude that the refusal of the Judge

to set aside the judgment and to grant a new trial was erroneous, contrary to law, evidence, and the rights of the only parties to this proceeding, to wit : the Attorney General and the Union Bank of Louisiana.

It is therefore ordered and decreed, that the judgment of the District Judge be annulled and reversed, and that the case be remanded, to be proceeded with in conformity to law.